IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOSIAH JOHNSON, et al., § | |
| § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:25-CV-00003-O |
| § | |
| JEREMIAH JOHNSON, et al., § | |
| § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court are Defendants' Motion to Dismiss (ECF No. 13) and Plaintiffs' Response (ECF No. 15). For the reasons explained below, the Court **GRANTS in part** Defendants' Motion, and **TRANSFERS** this case to the Southern District of Indiana.

### I. BACKGROUND

The parties to this lawsuit are all related to each other, or are entities controlled by the parties.[1] Defendant Jeremiah Johnson is a resident of North Carolina, as is The Alter Global Inc., a religious organization he controls.[2] Defendant Paul Johnson is a resident of Indiana, as is Defendant Paul T. Johnson Ministries, his ministry.[3] Plaintiffs sued Defendants alleging Defendants defamed and conspired to defame Plaintiffs when Paul Johnson published on his social media page defamatory statements and caused Jeremiah Johnson to republish the defamatory article.[4]

---

[1] Pls.' Resp. Defs.' Mot. Dismiss ¶¶ 1–3, ECF No. 15.
[2] Pls.' First Am. Compl. ¶¶ 4–5, ECF No. 14.
[3] *Id.* ¶¶ 6–7.
[4] *See generally id.*

Plaintiffs make no allegation, or provide any evidence, that any Defendant published or republished the statement while in Texas. Nor is it apparent from the alleged defamatory statement that it was directed at residents of Texas. Indeed, it appears Plaintiffs lived in Alabama when the alleged defamatory article was published or republished, as Plaintiffs allege that the ongoing "defamation continues to haunt their reputation" *following* their move to Texas.[5] Accordingly, Defendants move to dismiss this lawsuit because they are not subject to personal jurisdiction here.[6]

## II. LEGAL STANDARD

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of proof is on the plaintiff as the party seeking to invoke the district court's jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). "[T]he party who bears the burden need only present a prima facie case for personal jurisdiction; proof by a preponderance of the evidence is not required." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985). Furthermore, "on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Id*. at 546.

"A federal district court sitting in diversity may exercise personal jurisdiction over a [nonresident] defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir.

---

[5] *Id.* ¶ 50.
[6] Defendants also seek dismissal for lack of subject matter jurisdiction, contending the ecclesiastical abstention doctrine applies. Because Defendants are clearly not subject to personal jurisdiction here, and that subject matter jurisdiction analysis is more complicated, the Court does not address it here. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999) ("Where … a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.").

2010) (citation omitted). "Because Texas's long-arm statute reaches to the constitutional limits, the question [a federal court] must resolve is whether exercising personal jurisdiction over the defendant offends due process." *Id*.

The exercise of "[p]ersonal jurisdiction comports with due process when first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on 'traditional notions of fair play and substantial justice.'" *Companion Prop. & Cas. Ins. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). When a nonresident defendant "purposefully avail[s] [it]self of the benefits of the forum state, so that [it] 'should reasonably anticipate being haled into court' there," the defendant's conduct establishes minimum contacts. *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction." *Clemens*, 615 F.3d at 378. General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317). "Specific jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Clemens*, 615 F.3d at 378 (alteration in original) (internal quotation marks and citations omitted). Specific personal jurisdiction requires that a party "purposefully directed its activities at

the forum state" and the Court has jurisdiction over claims "deriving from, or connected with" those activities. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018).

### III. ANALYSIS

For specific jurisdiction to exist here, *Defendants* must have directed the conduct that is the basis for this lawsuit at Texas. *Diece-Lisa Indus. v. Disney*, 943 F.3d 239, 250 (5th Cir. 2019) (citation omitted). There is no allegation contained in Plaintiffs' Amended Complaint to support personal jurisdiction over Defendants in Texas. A conclusory assertion that the "defamation continues to haunt [Plaintiffs'] reputation" following Plaintiffs' move to Texas is insufficient to link Defendants' alleged tortious conduct to Texas.[7] *See Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 318 (5th Cir. 2021) ("The key question, under *Calder*, is whether the forum state was 'the focal point of the [alleged libel] and of the harm suffered.'" (quoting *Calder v. Jones*, 465 U.S. 783, 789 (1984))). Accordingly, Defendants are not subject to personal jurisdiction based on the allegations made in the Amended Complaint.

As no personal jurisdiction exists over any of the Defendants, the Court must dismiss this case without prejudice or transfer it to a district where jurisdiction exists if doing so would be in the interests of justice. *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013). It appears that the conspiracy claim against the Defendants as alleged by Plaintiffs originated in Indiana. Plaintiffs allege Defendants conspired to publish the alleged defamatory statement. The Indiana Defendants published it, and the North Carolina Defendants, pursuant to the conspiracy, republished it. Accordingly, witnesses, evidence, and the underlying events occurred, at least in large part, in Indiana. Therefore, the interests of justice support transferring this case to the Southern District of Indiana.[8] 28 U.S.C. § 1404(a).

---

[7] Pls.' First Am. Compl. ¶ 50, ECF No. 14.
[8] *See* Pls.' Resp. Defs.' Mot. Dismiss ¶¶ 49–51, ECF No. 15.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED in part**, and this case is **TRANSFERRED** to the Southern District of Indiana. Accordingly, the Court **DIRECTS** the Clerk of Court to **TRANSFER** this matter to the Southern District of Indiana, Indianapolis Division, using the customary process. *See* L.R. 62.2 ("Unless all affected parties consent to the transfer, an order that transfers a case to a district court outside the Fifth Circuit is stayed for 21 days from the date the order is entered on the docket.").

Signed this **11th day of March, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**